The Chief Justice
delivered the opinion of the court.
This is a writ of error to an order of the Henry county court, adjudging the plaintiff in error to be the father of a bastard, and subjecting him to maintaining it. Two exceptions were taken by the plaintiff in error, in the court below. The first, to the refusal of the court to quash the recognizance for the appearance of the plaintiff in error; and the second, to the decision of the court upon the merits of the case.
The first subject of enquiry, therefore is, whether the colii't erred in not quashing the recognizance. The only apparent objections to the recognizance are, 1st: that it is taken to the commonwealth and not to the Governor; and that there is only one surety bound in twenty pounds; whereas, there ought to have been two bound in ten pounds each. These objections though specious, are not solid. It is true that the act concerning bastardy requires the recognizance forthe appearance of one charged with being the fa-therof a bastard, to be taken to the Governor; but, by a subsequent act of 1809, (4 Litt 79) it is provided, that in all criminal cases recognizances shall be taken to, and in the name of, the commonwealth; and as a prosecution for bastardy is, we apprehend, a criminal and not a civil case, the recognizance was, in this case, correctly taken to the commonwealth.
in bastardy " IS SC** veral.and the cognizor can- " regularity in takingthese-curity.
cóurt "of ap^ peals is can-fined, with ^ceptions^ (W;iis, mill’s, and roads) jaWf not 0f
Bibb for plaintiff in error.
As to the objection that there is but one surety bound in twenty pounds, whereas, the act concerning bastardy requires two, to be bound in ten pounds each, whether the surety might avail himself of it if prosecuted upon the recognizance, we need not enquire; for, be that as it may, we can perceive no principle upon which it could effect the ⅝ A * - • • * ¶ , a -v» i validity of the recognizance as to the plaintiff in error, The recognizance is in its nature several, and is expressly required to be so by the act concerning bastardy. If, therefore, it be correct as to the plaintiff in error, it is plain it cannot operate to his prejudice, whether there be too few or too many sureties, or whether they be bound in too small or too large a sum. We can perceive no error, therefore, in the court having refused to quash the recognizance.
The second exception taken by the plaintiff in error, states, the whole evidence given on the trial before the county court, and the only question it presents is, whether the plaintiff in error was correctly decided by that court to be the father of the bastard child. This is evidently a mere question of fact, of which this court has no appellate jurisdiction. If the county court, from all the circumstances of the case, adjudge the person charged, to be the father of the bastard, they are bound by the act of assembly to make the order for its maintainance. As then the order for the tainance of the bastard is made by the legislature to depend ypon the judgment of the county court, it is obviously not the intention of the law that the question of fact should be subject to correction by any other tribunal. Besides, it would be preposterous for this court to undertake from a statement of the evidence in a bill of exception to correct the decision of the county court formed from a personal examination of the witnesses in open court. Had the legislature designed, therefore, that this court should have appellate jurisdiction in such a case, they would no doubt have required the re-examination of the witnesses in this court. But they have not done so: on the contrary, except in a few cases, of which this is not one, the appellate jurisdiction of this court is confined, by the legislature, to the revision l>f matters of law, arising on the face of the record.
Judgment affirmed with costs.